In the case at bar the hearsay testimony of Investigator Kaplan was admitted over objection by the defense counsel. Therefore, we cannot presume that his testimony did not enter into the court's consideration. The circumstances under which the complainant, Mrs. Hastings, viewed her assailant were less than ideal to produce a positive identification. The utilization of hearsay evidence to bolster the identification may have given the effect of corroboration and is prejudicial and reversible error. (*People v. Wright*, 65 Ill.App.2d 23, 212 N.E.2d 126 (1965).)

We are, therefore, of the opinion that the judgment of the Circuit Court of Cook County must be reversed and the case remanded for a new trial.

Reversed and remanded.

BURMAN and DIERINGER, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILBUR WRIGHT, Contemnor-Appellant.

(No. 58358;

First District (3rd Division)—July 3, 1974.

PER CURIAM.

MEJDA, J., took no part.

Paul Bradley and Howard B. Augustus, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TUMMERY MATTHEWS, Defendant-Appellant.

(No. 73-50;

Third District—July 11, 1974.